**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**FLORENCE DIVISION**

| | |
|---|---|
| ADAM MCDOUGAL, individually and on behalf of a class of all persons and entities similarly situated,<br><br>Plaintiff<br><br>vs.<br><br>VAULTIO,<br><br>Defendant. | Case No. |

**CLASS ACTION COMPLAINT**

**Background**

1. Adam McDougal ("Plaintiff") brings this class action against Vaultio ("Defendant") under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").

2. Upon information and good faith belief, Defendant routinely violated 47 C.F.R. § 64.1200(c) and, in turn, 47 U.S.C. § 227(c)(5) by delivering, or causing to be delivered, more than one advertisement or marketing call or text message to residential or cellular telephone numbers registered with the National Do-Not-Call Registry ("DNC Registry") without prior express invitation or permission required by the TCPA.

3. The Plaintiff also brings this putative class action pursuant to the South Carolina Telephone Privacy Protection Act ("SCTPPA"), S.C. Code § 37-21-10, *et seq*., alleging that Defendant made telemarketing calls to a number listed on the National Do Not Call Registry, which violates the SCTPPA in addition to the TCPA.

4. Because the calls were transmitted using technology capable of generating thousands of similar calls per day, Plaintiff brings this action on behalf of a proposed nationwide class of other persons who were sent the same illegal telemarketing calls.

5. A class action is the best means of obtaining redress for the Defendant's illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

## Parties

6. Plaintiff Adam McDougal is an individual who resides in Florence County, South Carolina.

7. Defendant Vaultio is a business entity that conducts business under the name "Vaultio," operates the website vaultio.co, and provides marketing, lead-generation, website-design, search-engine-optimization, and related services to businesses throughout the United States.

8. Upon information and belief, Vaultio maintains its principal place of business in Austin, Texas.

## Jurisdiction & Venue

9. The Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because the Plaintiff's claims arise under federal law.

10. The Court has supplemental jurisdiction over the state law claims because they relate to the same calling conduct.

11. This Court has specific personal jurisdiction over Defendant because it delivered, or caused to be delivered, the subject calls into this District.

12. Venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this District, as calls to the Plaintiff were sent into this District.

**Factual Allegations**

13. Plaintiff is, and has been for quite some time, the regular and sole user of his cellular telephone number—(843) XXX-XXXX.

14. Seventy-five to ninety percent of the time Plaintiff uses his cellular telephone number for personal use.

15. Only ten to twenty-five percent of the time does Plaintiff use his cellular telephone for business use.

16. Plaintiff uses his cell phone primarily to communicate with friends and family, and also to schedule personal appointments and for other household purposes.

17. Plaintiff does not have a landline in his home.

18. Plaintiff does not have any other telephone numbers.

19. Plaintiff's cellular telephone number has been registered on the National Do Not Call Registry since February 13, 2023.

20. Despite this, Defendant called Plaintiff at least once and sent Plaintiff at least seven text messages from April 2026 to June 2026.

21. The call and the text messages came from Defendant at caller ID (805) 750-7783.

22. Defendant held itself out to Plaintiff as "Vaultio" in connection with the subject solicitations, including through Vaultio-branded materials sent to Plaintiff.

23. Defendant likewise publicly markets the same types of website-design, search-engine-optimization, and marketing services under the Vaultio name and through vaultio.co.

24. On April 27, 2026, Plaintiff received a phone call from Defendant.

25. Plaintiff answered the call and informed Defendant he was not interested in their products and asked Defendant to cease contacting him.

26. Shortly after the call that same day, Plaintiff received a text message from Defendant stating, "You told me to send it to you earlier, im not a robot. We were on the call.."

27. Defendant then sent two more text messages to Plaintiff that day stating, "here's my info by the way" and then a text message providing Defendant's infographic.

28. On April 29, 2026, Defendant sent Plaintiff a text message stating, "Well?"

29. Finally on June 26, 2026, Plaintiff received a text message from Defendant stating:

> 7 per month to get ranked on Google and ChatGPT with a free website no bullshit no catch. If this sounds cool at all let's jump on a call to show you what I got. Deal?

30. Plaintiff did not respond to any of the text messages from Defendant.

31. The text messages advertised Defendant's products and services.

32. The text messages were designed to lead to a sale.

33. Plaintiff's cellular telephone number listed on the Nation Do Not Call Registry for more than thirty-one days at the time Defendant placed the calls.

34. Plaintiff had no prior business relationship with Defendant.

35. Plaintiff did not give Defendant prior express consent or permission to call or deliver, or cause to be delivered, advertisement or marketing text messages to Plaintiff's cellular telephone number.

36. Plaintiff did not request information or promotional materials from Defendant.

37. Plaintiff suffered actual harm as a result of the subject calls and text messages in that he suffered an invasion of privacy, an intrusion into his life, and a private nuisance.

38. Upon information and good faith belief, Defendant knew, or should have known, that telephone number (843) XXX-XXXX was registered with the DNC Registry.

39. However, the Defendant made the calls and sent the text messages without regard for the National Do Not Call Registry and did not utilize the National Do Not Call Registry prior to sending.

## Class Action Statement

40. Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

41. Plaintiff brings this action on behalf of himself and the following class (the "Class") pursuant to Federal Rule of Civil Procedure 23(b)(2) and/or (b)(3).

42. Plaintiff proposes the following Class definition, subject to amendment as appropriate:

> **National Do Not Call Registry Class:** All persons throughout the United States (1) who did not provide their telephone number to Defendant (2) to whom Defendant delivered, or caused to be delivered, more than one voice message or text message within a 12-month period, promoting Defendant's goods or services, (3) where the person's residential or cellular telephone number had been registered with the National Do Not Call Registry for at least thirty days before Defendant delivered, or caused to be delivered, at least two of the voice messages or text messages within the 12-month period, (4) within four years preceding the date of this complaint and through the date of class certification.

> **SCTPPA Class**: All persons with a South Carolina area code to whom (1) at any time within the four years prior to the filing of the Complaint, (2) Defendant (3) placed at least one call, (4) where it called a number on the National Do Not Call Registry, (5) while promoting their services, (6) to an individual that did not provide their phone number to Defendant.

43. Plaintiff is a member of and will fairly and adequately represent and protect the interests of the Class as he has no interests that conflict with any of the Class members.

44. Excluded from the Class are counsel, Defendant, and any entities in which Defendant have a controlling interest, the Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

45. Plaintiff and all members of the Class have been harmed by the acts of Defendant, including, but not limited to, the invasion of their privacy, annoyance, waste of time, the use of their telephone power and network bandwidth, and the intrusion on their telephone that occupied it from receiving legitimate communications.

46. This Class Action Complaint seeks injunctive relief and money damages.

47. The Class as defined above, are identifiable through Defendant's dialer records, other phone records, and phone number databases.

48. Plaintiff does not know the exact number of members in the Class, but Plaintiff reasonably believes Class members number, at minimum, in the hundreds.

49. The joinder of all Class members is impracticable due to the size and relatively modest value of each individual claim.

50. Additionally, the disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

51. There are well defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact, referred to above, involving the class claims predominate over questions that may affect individual Class members.

52. There are numerous questions of law and fact common to Plaintiff and to the proposed Class, including, but not limited to, the following:

a. Whether Defendant made calls or delivered, or caused to be delivered, advertising and telemarking text messages;

b. Whether Defendant called or delivered, or caused to be delivered, text messages or calls, for solicitation purposes, to telephone numbers already registered in the DNC Registry for more than thirty days;

c. Whether Defendant's conduct constitutes a violation of the TCPA;

d. Whether the Defendant's conduct violates the SCTPPA; and

e. Whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

53. Further, Plaintiff will fairly and adequately represent and protect the interests of the Class. Plaintiff has no interests which are antagonistic to any member of the Class.

54. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions, and especially TCPA class actions. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the other members of the Class, and have the financial resources to do so.

55. Common questions of law and fact predominate over questions affecting only individual Class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of Class members, which will be ascertainable from records maintained by Defendant and/or their agents.

56. The likelihood that individual members of the Class will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

57. Plaintiff is not aware of any litigation concerning this controversy already commenced by others who meet the criteria for class membership described above.

## CAUSE OF ACTION

**Telephone Consumer Protection Act**
**(Violations of 47 U.S.C. § 227(c)(5))**
**(On Behalf of Plaintiff and National Do Not Call Registry Class)**

58. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1-54.

59. In 2003, the Federal Communications Commission ("FCC") ruled that cellular telephone numbers that are placed on the DNC registry are presumed to be residential. *In Re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 18 F.C.C. Rcd. 14014, 14039 (2003).

60. A text message is a "call" as defined by the TCPA. *See Duran v. La Boom Disco, Inc.*, 955 F.3d 279, 280 n.4 (2d Cir. 2020) ("It is undisputed that '[a] text message to a cellular telephone . . . qualifies as a 'call' within the compass of [the TCPA].'") (internal citation omitted); *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 954 (9th Cir. 2009) (explaining that a text message is a "call" as defined by the TCPA).

61. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

62. Section 64.1200(e) provides that §§ 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers."

63. Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this

subsection may" may bring a private action based on a violation of those regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

64. Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to persons such as Plaintiff and the class members who registered their respective cellular or residential telephone numbers with the DNC Registry, which is a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

65. Defendant violated 47 U.S.C. § 227(c)(5) because it delivered, or caused to be delivered, to Plaintiff and members of the class, more than one solicitation call or text message in a 12-month period in violation of 47 C.F.R. § 64.1200.

66. As a result of Defendant's violations of 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200, Plaintiff, and the members of the class, are entitled to damages in an amount to be proven at trial.

## SECOND CAUSE OF ACTION

**Statutory Violation of the South Carolina Telephone Privacy Protection Act ((S.C. Code § 37-21-10) on behalf of the SCTPPA Class**

67. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

68. Defendant violated the SC Telephone Privacy Protection Act by contacting class members' South Carolina numbers that were listed on National Do Not Call Registry.

69. The Plaintiff, on behalf of the class, also seeks an injunction, which the SC Telephone Privacy Protection Act explicitly permits, preventing the Defendant from calling a

South Carolina number on the National Do Not Call Registry, or from anyone doing so on their behalf.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

A. Injunctive relief prohibiting Defendant from contacting cell phones of Plaintiff and members of the class whose numbers are listed on the National Do Not Call Registry;

B. An award to Plaintiff and the classes of damages, attorneys' fees, and costs, as allowed by law for the TCPA and SCTPPA;

C. An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing Class the Court deems appropriate, finding that Plaintiff is a proper representative of the Class, and appointing the lawyers and law firms representing Plaintiff as counsel for the Class; and

D. Such other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff requests a jury trial as to all claims of the complaint so triable.

DAVE MAXFIELD, ATTORNEY, LLC

s/ Dave Maxfield____________
Dave Maxfield, Fed. ID 6293
Dave Maxfield, Attorney, LLC
P.O. Box 11865
Columbia, SC 29211
(803) 509-6800
(855) 299-1656 fax
dave@consumerlawsc.com
*Attorney for Plaintiff*

DATED: October 7, 2026